IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02450-GPG

PAUL WAYNE SPENCE,

Applicant,

v.

JAMES FALK, and
CYNTHIA COFFMAN, The Attorney General of the State of Colorado,

Respondents.

---

ORDER OF DISMISSAL

---

Applicant, Paul Wayne Spence, is a prisoner in the custody of the Colorado Department of Corrections (CDOC) at the Correctional Facility in Limon, Colorado. He has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. (ECF No. 8). Mr. Spence challenges the validity of his conviction and sentence imposed in the District Court of Denver County, Colorado. He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

On December 7, 2015, Magistrate Judge Gordon P. Gallagher directed Respondents to file a pre-answer response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). Respondents filed a Pre-Answer Response on December 16, 2015. (ECF No. 15). Applicant filed his Reply (ECF No. 18) on February 4, 2016, after obtaining an extension of time.

The Court must construe liberally the Application filed by Mr. Spence because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the § 2254 Application will be dismissed as time-barred.

**I. Background and State Court Proceedings**

Mr. Spence was convicted pursuant to his guilty plea of sexual assault on a child as part of a pattern of abuse, in Denver County District Court Case No. 99CR5072. (ECF No. 1-1 at 4). On July 10, 2000, he was sentenced to an indeterminate prison term of 20 years to life in the CDOC, plus 20 years to life parole. (*Id.*). Applicant did not file a direct appeal.

On October 19, 2000, Mr. Spence filed a Colo. Crim. P. Rule 35(b) motion for sentence reconsideration, which he supplemented on November 17, 2000. (*Id.*). The state district court denied the motion on the merits on December 12, 2000. (*Id.*). Applicant did not appeal.

On April 19, 2001, Mr. Spence filed a motion to reconsider the state district court's denial of his Rule 35(b) motion, which the court denied as untimely on April 23, 2001. (*Id.*). Applicant did not appeal.

On December 16, 2002, Mr. Spence filed a Colo. Crim. P. Rule 35(c) motion, which was denied by the state district court on the merits on February 12, 2003. (*Id.*; *see also* ECF No. 15-2 at 2-3). Applicant did not appeal.

On June 23, 2005, Mr. Spence filed a letter in state district court, which the court construed as a second Rule 35(c) motion. (ECF No. 1-3 at 2-4). The court denied the

motion as time barred and successive on August 14, 2005. (*Id.*). Applicant did not appeal.

On September 6, 2007, Mr. Spence filed a Colo. Crim. P. Rule 35(a) motion, which the state district court "struck" as successive on October 29, 2007. (ECF No. 1-4). Applicant did not appeal.

On October 29, 2012, Mr. Spence filed another Colo. Crim. P. Rule 35(a) motion, arguing that the parole portion of his sentence was illegal, which was denied by the state district court on November 7, 2012. (ECF No. 15-1 at 3). On appeal, the Colorado Court of Appeals affirmed the district court's order in *People v. Gary Wayne Spence*, No. 13CA0652 (Colo. App. Dec. 11, 2014) (unpublished), but remanded the case for correction of the mittimus to reflect the indeterminate term of parole that was imposed by the district court. (ECF No. 15-8). The Colorado Supreme Court denied Applicant's petition for certiorari review on August 24, 2015. (ECF No. 15-10).

Mr. Spence initiated this action on November 5, 2015 by filing a Prisoner Complaint. Pursuant to an order directing him to cure deficiencies, Applicant filed his § 2254 Application on December 3, 2015. He asserts three claims in the § 2254 Application.

Respondents argue in the Pre-Answer Response that the Application is barred by the one-year limitation period in 28 U.S.C. § 2244(d). (ECF No. 15 at 5-9). Respondents further contend that Mr. Spence's claims are procedurally defaulted and fail to state an arguable constitutional violation. (*Id.* at 9-16).

**II. AEDPA Time Bar**

The Anti-Terrorism and Effective Death Penalty Act (AEDPA) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Mr. Spence's conviction became final on August 24, 2000, 45 days after he was sentenced, when the time for filing a direct appeal expired. *See* 28 U.S.C. § 2244(d)(1)(A); Colo. App. R. 4(b)(1) (2000). The one-year limitation period commenced on that date. *See Holland v. Florida,* 130 S. Ct. 2549, 2555 (2010); *Al-Yousif v. Trani,* 779 F.3d 1173, 1178 (10th Cir. 2015).

Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court post-conviction motion tolls the one-year limitation period while the motion is pending. An application for post-conviction review is properly filed with the meaning of § 2244(d)(2) "when its delivery

and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). The requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000).

The issue of whether a post-conviction motion is pending is a matter of federal law. *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999).

The AEDPA time clock ran for 56 days, from August 24, 2000 to October 19, 2000, when Mr. Spence filed a Colo. Crim. P. Rule 35(b) motion in the state district court. *See, e.g., Robinson v. Golder*, 443 F.3d 718, 720-21 (10th Cir. 2006) (properly filed motion under Colo. R. Crim. P. 35(b) is a collateral attack that tolls the limitation period).

Because Mr. Spence did not appeal the district court's December 12, 2000 Order denying the Rule 35(b) motion, the AEDPA time period began to run again 45 days later, on January 26, 2001. *See Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000) (holding that "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law"); *see also* Colo. App. Rule 4(b)(1) (2000) (party must appeal a judgment or order within 45 days).

Mr. Spence's April 19, 2001 motion to reconsider the denial of his Colo. Crim. P. Rule 35(b) motion did not toll the limitation period because it was denied as untimely and, therefore, was not "properly filed" within the meaning of § 2244(d)(2). *See Pace v. DiGuglielmo,* 544 U.S. at 417 (postconviction motion is not "properly filed" if barred by the statute of limitations).

The AEDPA time clock ran unabated from January 26, 2001, until it expired 309 days later, in December 2001. Mr. Spence filed his second state post-conviction motion in December 16, 2002. However, state post-conviction motions filed after the passage of the one-year period are not relevant to the timeliness of the federal application. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2004) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations."); *Fisher v. Gibson*, 262 F.3d 1135, 1142–43 (10th Cir. 2001) (same). Accordingly, the Court finds that the § 2254 Application is time-barred unless equitable tolling applies.

**III. Equitable Tolling**

The one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional and may be tolled for equitable reasons "in rare and exceptional circumstances." *Gibson,* 232 F.3d at 808 (internal quotation marks omitted); *see also Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). Equitable tolling may be appropriate if (1) the petitioner is actually innocent; (2) an adversary's conduct or other extraordinary circumstance prevents the petitioner from timely filing; or (3) the petitioner actively pursues judicial remedies but files a defective pleading within the statutory period. *See Holland*, 130 S.Ct. at 2562; *Gibson*, 232 F.3d at 808. Simple excusable neglect is not sufficient to support equitable tolling.

*Gibson*, 232 F.3d at 808. Furthermore, equitable tolling is appropriate only if the petitioner pursues his claims diligently. *Miller*, 141 F.3d at 978. The petitioner must "allege with specificity 'the steps he took to diligently pursue his federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978)). Mr. Spence bears the burden of demonstrating that equitable tolling is appropriate in this action. *See id.*

Applicant argues in his Reply that the one-year period should be equitably tolled because he had a constitutional right to have counsel file a direct appeal of his conviction or sentence. (ECF No. 18 at 7-8). According to Mr. Spence, "a defendant does not need to express to counsel his intent to appeal for counsel to be constitutionally obligated to perfect defendant's appeal." (*Id.* at 7).

The one-year limitation period is subject to equitable tolling when "serious instances of attorney misconduct" have occurred. *Holland*, 130 S.Ct. at 2564; *see also Fleming v. Evans*, 481 F.3d 1249, 1256 (10th Cir. 2007) (agreeing with other circuits in a case prior to *Holland* that "sufficiently egregious misconduct on the part of a habeas petitioner's counsel may justify equitable tolling of the AEDPA limitations period."). Furthermore, the Supreme Court has recognized that an attorney's conduct can constitute an "extraordinary circumstance" where counsel "essentially abandon[s] his client" because "a client [cannot] be faulted for failing to act on his own behalf when he lacks reason to believe his attorneys of record, in fact, are not representing him." *Maples v. Thomas*, ____U.S. ____, 132 S.Ct. 912, 923 (2012).

In *Fleming*, the petitioner's substantiated allegations that he had been actively misled by counsel to believe a habeas petition had been prepared and would be filed

were sufficient to warrant an evidentiary hearing to consider whether equitable tolling was appropriate. 481 F.3d at 1256-57. The petitioner in *Fleming* specifically alleged that he retained counsel nearly one year before the expiration of the filing deadline; he contacted counsel several times over the course of the year; counsel repeatedly reassured him that a petition was being prepared and would be filed; and, counsel failed to file a draft petition the petitioner had submitted until after the time limitation expired. *See id.*

In *Holland*, the petitioner consistently and diligently urged his attorney to file a timely habeas petition, but the attorney consistently and delinquently ignored him. 130 S.Ct. at 2555–59. The Supreme Court held that petitioner's claim that he was abandoned by his attorney, if true, "would suffice to establish circumstances beyond his control." *Id.* at 2568.

This case is distinguishable from the circumstances present in *Holland* and *Fleming* because Mr. Spence does not allege that he ever communicated with defense counsel about filing a direct appeal; followed up with counsel to determine whether a direct appeal was filed; or, that he was continuously misled to believe that counsel actually was preparing a direct appeal**.** Indeed, Mr. Spence stated in his Opening Brief appealing the state district court's denial of his October 2012 state post-conviction motion that the Colorado Public Defender's Office notified him on December 13, 2000 that his Colo. Crim. P. Rule 35(b) motion "was denied" and "there was nothing else that could be done to reduce sentence." (ECF No. 15-7 at 5). At that point, Applicant should have known that defense counsel had not filed, and had no intention of filing, a direct appeal of his conviction or sentence.

Furthermore, even if Applicant's claim of attorney abandonment could be credited, Mr. Spence has failed to allege facts to show that he acted diligently to preserve his federal rights. After Mr. Spence's motion for sentence reconsideration was denied in December 2000, Applicant filed additional state post-conviction motions in December 2002, June 2005 and September 6, 2007, and October 2012. He did not appeal any of the trial court's orders until April 2013. (*See* ECF No. 15-1 at 3-4). It is clear from the record that regardless of defense counsel's failure to file a direct appeal, Mr. Spence was dilatory in waiting until November 2015, more than 15 years after his conviction became final, to file his § 2254 Application in this Court. *See*, *e.g.*, *Mack v. Falk*, No. 12-1303, 2013 WL 410444 at *3 (10th Cir. Feb. 4, 2013) (unpublished) (". . . *Maples* does not stand for the proposition that a petitioner's initial "lack [of] reason to believe his attorneys of record, in fact, are not representing him" might excuse complete inaction on the part of the petitioner for several years."). *See also Burger v. Scott,* 317 F.3d 1133, 1141 (10th Cir.2003) (recognizing that the Tenth Circuit "has generally declined to apply equitable tolling when it is facially clear from the timing of the state and federal petitions that the petitioner did not diligently pursue his federal claims.").

Applicant does not provide any other basis for equitable tolling of the one-year period and none is evident from his filings. Further, Mr. Spence does not allege any facts to demonstrate that he is actually innocent of the crime or that he actively pursued his judicial remedies but filed a defective pleading within the statutory period. Accordingly, the Court finds that the § 2254 Application is time-barred.

The Court need not reach Respondents' alternative argument that Mr. Spence's claims are procedurally defaulted.

**IV. Orders**

For the reasons discussed above, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 8), filed by Applicant, Paul Wayne Spence, is DENIED as time-barred under 28 U.S.C. § 2244(d). It is

FURTHER ORDERED that this action is DISMISSED WITH PREJUDICE. It is

FURTHER ORDERED that no certificate of appealability will issue because jurists of reason would not debate the correctness of the procedural ruling and Mr. Spence has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied for the purpose of appeal. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Spence files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED February 17, 2016. at Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court